**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darryl Lebron Buggs, | ) | No. CV 04-2359-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

The court has before it Defendant Joseph M. Arpaio's ("Defendant") Motion to Dismiss (Doc. #10), Plaintiff's Response to Defendant's Motion to Dismiss (Doc. #12), Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. #14), and Plaintiff's initial complaint (Doc. #1). Defendant asserts that the court should dismiss the case under Rule 12(b) because Plaintiff failed to exhaust all administrative remedies prior to filing suit in federal court.

**I.     The Exhaustion Requirement**

In 1996, Congress passed the Prison Litigation Reform Act of 1996 ("PLRA"), requiring prisoners to exhaust all administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Subsequently, the Supreme Court held that the exhaustion requirement applies to all suits about prison life,

1  whether they involve general conditions or isolated incidents, regardless of the alleged
2  wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff alleges that Defendant violated
3  his constitutional rights by placing him in an overcrowded cell, which caused him to break
4  his hand. Doc. #1 at 6. Plaintiff's claim is about "prison life," and therefore, Plaintiff needs
5  to have exhausted all administrative remedies prior to bringing suit in federal court.

6  Defendants have the burden of proving that a plaintiff failed to exhaust all
7  administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In
8  addition, a decision that a plaintiff failed to exhaust all administrative remedies results in a
9  dismissal of the claim without prejudice because the court's decision is not a decision on the
10 merits. *Id.* at 1119-1120. In reaching a decision, a district court may look beyond the
11 pleadings and decide disputed issues of fact. *Id.*

12 **II.    Analysis**

13 Defendant has the burden of demonstrating that Plaintiff failed to exhaust all
14 administrative remedies. To satisfy this burden, Defendant has introduced evidence
15 establishing that a grievance procedure exists at the Maricopa County Jail, Doc. #10, Exhibit
16 1, that Plaintiff failed to submit a grievance for overcrowded conditions, Doc. #14, Exhibit
17 1, and that Plaintiff was aware of such a system, Doc. #10 at 3.

18 Plaintiff does not dispute that he failed to exhaust his claims, Doc.# 1 at 6, but instead
19 states that he did not seek administrative relief because he was "afraid of administrative
20 reprisals." *Id.* In addition, Plaintiff provides the court with five grievances that he filed with
21 the prison administration. Doc. #12. Of those five, the prison administration addressed two
22 of the grievances, leaving three unanswered. While futility is not an excuse to exhaustion,
23 if a prison official informs a prisoner that "he cannot file a grievance, the formal grievance
24 proceeding . . . was never 'available' . . . within the meaning of 42 U.S.C. § 1997e." *Brown*
25 *v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (citing *Brown v. Croak*, 312 F.3d 109, 113 (3d
26 Cir. 2002)). Likewise, the Brown court also stated that it "refuse[s] to interpret the PLRA
27 so narrowly as to . . . permit prison officials to exploit the exhaustion requirement through
28 indefinite delay in responding to grievances." *Id.* at n. 18.

1  However, *Brown*'s language fails to help Plaintiff because he never filed a grievance 2 with a detention officer about the overcrowded prison conditions. By not filing a grievance 3 on this particular issue, Plaintiff failed to satisfy the PLRA's exhaustion requirement. The 4 fact that the detention officers failed to address all of Plaintiff's other grievances does not 5 relieve Plaintiff from having to exhaust this particular claim.

6  IT IS HEREBY ORDERED that Defendant's 12(b) Motion to Dismiss for failure to 7 exhaust all administrative remedies (doc. #10) is granted.

8  IT IS FURTHER ORDERED that the clerk enter final judgment dismissing this action 9 without prejudice. The clerk shall terminate this action.

10  DATED this 11th day of October, 2005.

_____
Neil V. Wake
United States District Judge